UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

        Plaintiff,

v.

Marcell Jones,

        Defendant.

Case No. 3:21-cr-154

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Defendant Marcell Jones seeks to suppress evidence seized during a search of his vehicle following a traffic stop. (Doc. No. 12). The government filed a brief in opposition to the motion. (Doc. No. 13). I held an evidentiary hearing with respect to Jones' motion on February 25, 2022. (*See* Doc. No. 17). Following the hearing, the parties submitted supplemental briefing. (Doc. Nos. 19, 21, and 22). For the reasons stated below, I deny Jones' motion.

## II. BACKGROUND

Shortly after midnight on November 14, 2020, Toledo Police Detectives Jeremy Thomas and Zachary Cairl initiated a traffic stop on a vehicle in the area of Bancroft Street and Hawthorne Avenue in Toledo, Ohio, after observing the vehicle fail to make a complete stop before turning at a flashing red light and then failing to turn into the lane closest to the curb.[1] Cairl and Thomas approached the vehicle, which was driven by Jones. Thomas observed a package on the driver's side

---

[1] *See* Ohio Rev. Code §§ 4511.13(F)(1) and 4511.36(A).

door, near the handle, which based upon his training and experience, he recognized as packaging which commonly contained marijuana. (Doc. No. 17 at 49); (*see* Gov't's Ex. 2 (depicting a package labeled "Zkittlez")).

Thomas signaled to Cairl to draw his attention to the package. Cairl asked Jones about the bag Thomas observed in the door and Jones then handed Cairl the package. (Doc. No. 17 at 55-56). Cairl inspected the outside of the package and felt what he suspected, based upon his experience, to be marijuana. (*Id.* at 56). He then instructed Jones to step out of the vehicle. The three men went to the back of Jones' car, where Jones attempted to explain to the detectives that he had a medical marijuana card, though he only had a picture of the card and not the physical card. Thomas testified that the package Jones had in his vehicle did not contain any markings to identify it as a prescribed substance.

As Cairl began looking inside the vehicle[2] before returning to where Jones was standing and placing him in handcuffs. The detectives placed Jones in the back of the vehicle, where Jones and Thomas discussed the package of marijuana as well as seven other packages Cairl observed inside the vehicle. Jones told Thomas that he packaged it in this way before he smoked it. Thomas and Cairl testified it was their understanding that medical marijuana could not legally be smoked but had to be ingested in other mediums.

Cairl then returned to the vehicle and continued searching it. He found cash and additional drugs, as well as a firearm. (*Id.* at 58). Jones was placed under arrest and eventually charged by indictment with the following offenses: possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and illegally possessing a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Doc. No. 1).

---

[2] Thomas testified that Jones told Cairl that Jones did not consent to a search of his vehicle.

### III.     ANALYSIS

"It is well established that a police officer lawfully may stop a car when he has probable cause to believe that a civil traffic violation has occurred . . . ." *United States v. Jackson*, 682 F.3d 448, 453 (6th Cir. 2012) (citing *United States v. Blair*, 524 F.3d 740, 748 (6th Cir. 2008)). While Jones initially disputed the basis for the traffic stop, (Doc. No. 12 at 4), he did not renew that argument in his post-hearing briefing. (*See* Doc. No. 21). Further, the evidence and testimony presented during the hearing establishes Thomas and Cairl had probable cause to conduct the traffic stop.

The Fourth Amendment generally requires law enforcement officers to obtain a warrant, based upon probable cause, before searching a location in which an individual has a reasonable expectation of privacy. *See, e.g., Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) ("When an individual 'seeks to preserve something as private,' and his expectation of privacy is 'one that society is prepared to recognize as reasonable,' we have held that official intrusion into that private sphere generally qualifies as a search and requires a warrant supported by probable cause.") (further citation omitted).

The Supreme Court has recognized an automobile exception to the warrant requirement, permitting officers to "search a readily mobile vehicle without a warrant if they have probable cause to believe that the vehicle contains evidence of a crime." *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998) (citing *United States v. Ross*, 456 U.S. 798, 799 (1982)). Probable cause is defined as "reasonable grounds for belief, supported by less than *prima facie* proof but more than mere suspicion," and "exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Smith v. Thornburg*, 136 F.3d 1070, 1074 (6th Cir. 1998) (citing *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990) and *United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994)) (further citations and internal quotation marks omitted).

The record establishes Thomas and Cairl had reasonable grounds to believe Jones' car may contain evidence of a crime. They observed the Zkittlez package in the car and recognized it as a bag which typically contained marijuana. After Jones handed the package to Cairl, Cairl felt the bag and believed the contents of the bag felt consistent with marijuana buds. (*See* Doc. No. 17 at 56). While Jones claimed he had a medical marijuana card, he did not have the card with him, which the detectives found to be suspicious. Further, the marijuana was not in prescription packaging.

It is true, as Jones argues, that the detectives were not able to affirmatively conclude the package contained marijuana before opening it, because the nature of the packaging did not permit them to see inside of it. (*See* Doc. No. 21 at 4-5). But the packaging itself (which both detectives testified was consistent with marijuana packaging they saw nearly every day), as well as Cairl's observations when he felt the contents of the bag through the packaging, gave the detectives a reasonable basis to conclude the package contained marijuana.[3]

Once the detectives found the marijuana, they had probable cause to arrest Jones for possession of marijuana. It was reasonable for Thomas and Cairl "'to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Arizona v. Gant*, 556 U.S. 332, 343 (2009) (quoting *Thornton v. United States*, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment)). Therefore, Cairl's subsequent search of Jones' vehicle did not violate the Fourth Amendment. Accordingly, I deny Jones' motion to suppress.

---

[3] Contrary to Jones' argument, (Doc. No. 21 at 5), the fact that neither officer detected an odor of marijuana before Cairl opened the package does not undermine the validity or relevance of the officers' visual and tactile observations.

## IV. CONCLUSION

I conclude there was probable cause to support the search of Jones' vehicle. Therefore, and for the reasons set forth above, I deny his motion to suppress. (Doc. No. 12).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
